UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FREDERICK GOLDSBERRY, JR., | No. 2:25-cv-0379 CSK P |
| Plaintiff, | ORDER |
| v. | |
| NORTH BAY REGIONAL HOSPITAL, | |
| Defendant. | |

Plaintiff proceeds pro se.  Plaintiff states he has been incarcerated in Tennessee since October 30, 2024.  (ECF No. 2 at 2.)  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.  These

payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the

1 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.
2 Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal
3 quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as
4 true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the
5 pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236
6 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

7 II.     THE CIVIL RIGHTS ACT

8          To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal
9 constitutional or statutory right; and (2) that the violation was committed by a person acting under
10 the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d
11 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the
12 facts establish the defendant's personal involvement in the constitutional deprivation or a causal
13 connection between the defendant's wrongful conduct and the alleged constitutional deprivation.
14 See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44
15 (9th Cir. 1978).  That is, plaintiff may not sue any official on the theory that the official is liable
16 for the unconstitutional conduct of his or her subordinates.  Ashcroft v. Iqbal, 556 U.S. 662, 679
17 (2009).  The requisite causal connection between a supervisor's wrongful conduct and the
18 violation of the prisoner's constitutional rights can be established in a number of ways, including
19 by demonstrating that a supervisor's own culpable action or inaction in the training, supervision,
20 or control of his subordinates was a cause of plaintiff's injury.  Starr v. Baca, 652 F.3d 1202,
21 1208 (9th Cir. 2011).

22 III.    PLAINTIFF'S COMPLAINT

23          Plaintiff alleges his civil rights under 42 U.S.C. § 1983 were violated when he was denied
24 his Constitutional right to be treated equally under the Fourteenth Amendment when he was
25 discriminated against when defendant refused to discharge plaintiff to a rehabilitative facility
26 because plaintiff was homeless. (ECF No. 1 at 1, 3.)  Plaintiff claims that in 2022 he received a
27 spine-pelvis-hip surgery at North Bay Regional Hospital in Fairfield, California. (ECF No. 1 at
28 2.)  Plaintiff was ordered to put zero weight on his left leg for about nine weeks post-surgery, and

3

1  claims he had 30 pieces of alloy inserted into his lower back, pelvis and left hip.  (Id.)  The last
2  week of January and the first week of February, 2022, plaintiff alleges he was being screened and
3  prepared for "release/discharge" from North Bay Hospital, and an unidentified social worker who
4  worked inside North Bay Hospital had assured plaintiff he would be released to a rehabilitative
5  facility in Richmond.  (Id.)  However, after they were completing the paperwork for the transfer,
6  the social worker asked plaintiff for his home address, and plaintiff responded that he was
7  homeless.  (Id. at 3.)  Plaintiff claims that at this point, the social worker abruptly closed her file
8  and said, "Oh, in that case, by policy we're not going to be able to place you into a rehabilitative
9  facility because you're homeless."  (Id.)  As she left, plaintiff claims the social worker added,
10 "There is a homeless shelter in Vallejo."  (Id.)  When plaintiff was discharged in February of
11 2022, he was not placed in a rehabilitative facility, and he claims defendant discriminated against
12 plaintiff because he was homeless.  Plaintiff seeks monetary damages, and demands trial by jury.
13 (Id.)

IV.     DISCUSSION

15      All plaintiffs are required to satisfy the "case or controversy" requirement of Article III of
16 the U.S. Constitution.  "One element of the case-or-controversy requirement is that plaintiffs must
17 establish that they have standing to sue."  Clapper v. Amnesty Int'l USA, 568 U.S. 398, 408
18 (2013) (internal quotation marks omitted).  To establish Article III standing, a plaintiff must
19 allege:  injury-in-fact that is (1) concrete and particularized, as well as actual and imminent;
20 (2) fairly traceable to the challenged action of the defendant; and (3) redressable by a favorable
21 ruling.  See Monsanto Co. v. Geertson Seed Farms, 561 U.S. 139, 149 (2010).  "The party
22 invoking federal jurisdiction bears the burden of establishing these elements."  Lujan v.
23 Defenders of Wildlife, 504 U.S. 555, 561 (1992).  A federal court plaintiff "must demonstrate
24 standing separately for each form of relief sought."  Friends of the Earth, Inc. v. Laidlaw Envtl.
25 Servs. (TOC), Inc., 528 U.S. 167, 185 (2000).
26      Here, plaintiff's complaint fails to identify a specific injury he sustained as a result of the
27 failure to place him in a rehabilitative facility.  It is unclear where plaintiff went upon his
28 discharge from the hospital, or how he ended up in Tennessee.

4

Further, plaintiff includes no allegations identifying defendant or the social worker as acting under color of state law. Indeed, plaintiff includes no specific charging allegations as to defendant hospital. It is unclear whether plaintiff was a prisoner or a recently released prisoner at the time he received surgery in California, either from jail or state or federal prison, or whether he was a private citizen without a home address.

As to plaintiff's putative Fourteenth Amendment claim, the Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432 (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that officials intentionally discriminated against a plaintiff based on his membership in a protected class. Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation omitted) (rejecting equal protection claim where inmate failed to show that he was treated differently than any other inmates in the relevant class); Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702-03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003). Or, plaintiff may show that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Engquist v. Or. Dep't of Agric., 553 U.S. 591, 601-02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

Plaintiff fails to show that plaintiff was a member of a protected class. Although plaintiff contends he was discriminated against because he was homeless, the homeless are not a suspect class under the Constitution. Sanchez v. City of Fresno, 914 F.Supp.2d 1079, 1108 (E.D. Cal. 2012) ("No court has ever held the homeless to be a suspect class under this standard."). Because being homeless does not constitute a protected class, plaintiff cannot state a cognizable discrimination claim based on being homeless. Plaintiff's allegations are too vague for the Court to determine whether plaintiff can state an equal protection claim based on a "class of one." Engquist, 553 U.S. at 601-02. Plaintiff does not allege that he was intentionally treated differently than other similarly situated individuals without a rational relationship to a legitimate state purpose.

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, plaintiff is granted leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 9) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Sheriff of Henderson County, Lexington, Tennessee, filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

Dated: March 27, 2025.

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/gold0379.14new.csk

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FREDERICK GOLDSBERRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> NORTH BAY REGIONAL HOSPITAL, <br><br> Defendant. | No. 2:25-cv-0379 CSK P <br><br> NOTICE OF AMENDMENT |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐   Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff