UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FREDERICK GOLDSBERRY, JR., <br><br> Plaintiff, <br><br> v. <br><br> NORTH BAY REGIONAL HOSPITAL., <br><br> Defendant. | Case No. 2:25-cv-00379-TLN-CSK (PS) <br><br> ORDER ON PLAINTIFF'S MISCELLANEOUS MOTIONS <br><br> (ECF Nos. 19, 20, 21, 22, 23) |

Plaintiff William Frederick Goldsberry, Jr., who is proceeding pro se, has filed five miscellaneous motions.[1] (ECF Nos. 19, 20, 21, 22, 23). Pursuant to Eastern District of California Local Rules 230(g), the motions are submitted upon the record and the briefs.[2] This action is currently pending screening of Plaintiff's First Amended Complaint. *See* Docket.

**I.     Motions for Leave to File Amended Complaint**

Plaintiff has filed three motions for leave to file an amended complaint. (ECF Nos. 19, 21, 22.) Plaintiff seeks to allege additional facts to support his claims under the Americans with Disabilities Act and related state law claims. (*Id*.) Under Federal Rule of

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2]  The district court's Local Rules are accessible on the district court's website: https://www.caed.uscourts.gov/caednew/index.cfm/rules/local-rules/.

1

Civil Procedure 15(a)(2), leave to amend shall be freely given when justice so requires. In the absence of [...] undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Here, the Court finds that granting leave to amend does not implicate any of the *Foman* factors. Accordingly, Plaintiff's motion for leave to file a second amended complaint (ECF No. 19) will be granted, and the Second Amended Complaint shall be filed within thirty (30) days from the date of this order. In addition, because Plaintiff will be amending his amended complaint, Plaintiff's additional motions for leave to amend (ECF Nos. 21, 22) are DENIED as moot.

Plaintiff is further informed that the Court cannot refer to a prior complaint or other filing in order to make the amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes prior complaint(s), and once the amended complaint is filed and served, any previous complaint no longer serves any function in the case. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). The amended complaint should be titled "Second Amended Complaint."

## II. Request for Judicial Notice

Plaintiff has also filed a request for judicial notice. (ECF No. 20.) Plaintiff requests the Court apply equitable tolling to his claims due to Plaintiff mistakenly filing his claims in the wrong forum. *See generally* ECF No. 20. This request is denied as unnecessary. This action is in the screening stage. Based on the current posture of this lawsuit, the proper procedure to include arguments relating to equitable tolling, if applicable, to

Plaintiff's claims, should be included in his amended complaint.

### III. Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. (ECF No. 23.) In civil cases, a pro se litigant's right to counsel "is a privilege and not a right." *United States ex Rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate her claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Here, Plaintiff argues this matter will require depositions, experts, and because Plaintiff is a lay person, he does not have the required knowledge to litigate the medical malpractice issues raised in his complaint. (ECF No. 23 at 1-2.) There are no exceptional circumstances warranting the appointment of counsel in this case. Therefore, Plaintiff's motion for appointment of counsel (ECF No. 23) is DENIED.

### IV. CONCLUSION

Based on the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file an amended complaint (ECF No. 19) is GRANTED;
2. Plaintiff shall have thirty (30) days from the date of this order to file a Second Amended Complaint that complies with the instructions provided above. If Plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed;
3. Plaintiff's motions for leave to file an amended complaint (ECF Nos. 21, 22) are DENIED as moot;

/ / /

/ / /

/ / /

/ / /

4. Plaintiff's request for judicial notice (ECF No. 20) is DENIED; and

5. Plaintiff's motion to appoint counsel (ECF No. 23) is DENIED.

Dated: November 17, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gold0379.25