UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM FREDERICK GOLDSBERRY, JR., | Case No. 2:25-cv-00379-TLN-CSK |
| Plaintiff, | ORDER & FINDINGS AND RECOMMENDATIONS |
| v. | (ECF Nos. 25, 26, 27, 28) |
| NORTH BAY REGIONAL HOSPITAL, | |
| Defendant. | |

Plaintiff William Frederick Goldsberry, Jr. is representing himself in this action and has filed a Second Amended Complaint ("SAC").[1] SAC (ECF No. 25). The Court previously granted Plaintiff's application to proceed in forma pauperis ("IFP"), dismissed the complaint, and granted Plaintiff's motion for leave to amend his complaint. *See* 3/27/2025 Order (ECF No. 10); 11/17/2025 Order (ECF No. 24). For the reasons that follow, the Court recommends that the SAC be dismissed without leave to amend for failure to state a claim.

I.    **SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to

---

[1]   This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

1

state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See id*. at 326-27; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post-*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

II.   **DISCUSSION**

A.   **Failure to Comply with Federal Rule of Civil Procedure 8**

Plaintiff brings this action against Defendant North Bay Regional Hospital, a private entity, for disability discrimination during Plaintiff's hospital visits in 2022. *See*

*generally* SAC. Plaintiff alleges he was discriminated against by hospital staff due to his narcotic addiction. *Id*. at 2. Plaintiff asserts violations "under the United States Constitution Prohibition of Discrimination by Discriminations A.D.A., under both Federal law and California State law in violation of Unruh Civil Rights Act, Medical Malpractice and Prof[]essional Negligence and California Civil Penal Codes 51-52." *Id*. at 3-5, 7-8, 10, 17. For relief, Plaintiff seeks monetary damages only. *Id*. at 24.

Plaintiff's SAC does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). A review of Plaintiff's SAC reveals it consists of "[t]hreadbare recitals of the elements" of her causes of action and fails to state a claim for relief. *Iqbal*, 556 U.S. at 678.

Plaintiff appears to bring a single claim for discrimination under Title III of the Americans with Disabilities Act ("ADA") against Defendant, who is alleged to be a private entity. *See* SAC at 1-2. To establish a Title III discrimination claim, a plaintiff must show: "(1) [h]e is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. §§ 12182(a)-(b)). However, monetary damages are not recoverable in private suits under Title III of the ADA, only injunctive relief. *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (citing 42 U.S.C. § 12188(a)(1); *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) ("[A] private plaintiff can sue only for injunctive relief (i.e. for removal of the barrier) under [Title III] of the ADA."). Plaintiff does not seek injunctive relief in this action. *See generally* SAC. Because Plaintiff seeks only monetary damages under Title III, there is no legal remedy available for Plaintiff under his Title III claim. Accordingly, the Court recommends dismissing this action without leave to amend for failure to state a claim.

**B.    State Law Claims**

Plaintiff also seeks to bring related state law claims pursuant to the California Unruh Civil Rights Act (Cal. Civ. Code § 51, *et seq*.), medical malpractice and negligence. SAC at 3-5, 7-8, 10, 17. As discussed above, Plaintiff has failed to state a claim under federal law. Accordingly, the Court will not exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Campos v. Fresno Deputy Sheriff's Association*, 535 F.Supp.3d 913, 931 (E.D. Cal. 2021); *Religious Tech. Ctr. V. Wollersheim*, 971 F.2d 364, 367-68 (9th Cir. 1992).

**C.    Leave to Amend**

Although the Federal Rules adopt a flexible pleading policy, even a pro se litigant's complaint must give fair notice and state the elements of a claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez*, 203 F.3d at 1126-30. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06. Here, Plaintiff's only federal claim does not provide a legal remedy for monetary relief as requested by Plaintiff. Accordingly, the Court finds that further amendment would be futile. In addition, Plaintiff was already provided an opportunity to amend, and an extension to amend. *See* 3/27/2025 Order; 4/24/2025 Order (ECF No. 13); 11/17/2025 Order. The SAC should therefore be dismissed without leave to amend. *See Lopez*, 203 F.3d at 1130-31; *Cato*, 70 F.3d at 1105-06.

/ / /

4

### III.    Plaintiff's Miscellaneous Motions

Plaintiff has also filed motions for leave to amend his SAC to add additional information and a defendant (ECF Nos. 26, 28) and a motion to compel (ECF No. 27). Because the Court finds amendment would be futile in light of the SAC's deficiencies as identified above, the Court denies Plaintiff's motions.

### IV.    CONCLUSION

In accordance with the above, IT IS ORDERED that:

1.    Plaintiff's motions to amend (ECF Nos. 26, 28) are DENIED; and

2.    Plaintiff's motion to compel (ECF No. 27) is DENIED.

Further, based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's Second Amended Complaint (ECF No. 25) be DISMISSED without leave to amend; and

2.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  March 3, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, gold0379.25

5